IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

NOV 5 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

**CHRISTOPHER BROCKENBROUGH,**

Petitioner,

v.  CIVIL ACTION NO. 2:07cv423

**GENE JOHNSON, DIRECTOR
DEPARTMENT OF CORRECTIONS**

Respondent.

*MEMORANDUM ORDER*

This matter is before the Court on Christopher Brockenbrough's ("Petitioner") Motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This matter has been fully briefed and is ripe for judicial determination. For the reasons set forth below, Petitioner's motion is **DENIED**.

**I. FACTS AND PROCEDURAL HISTORY**

The record before the Court indicates that on February 9, 2005, Petitioner was convicted of murder and use of a firearm during a murder in the Circuit Court for the City of Richmond, Virginia. On February 25, 2005, Petitioner was sentenced to thirty four (34) years in prison. On September 5, 2007, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court. Respondent then filed a Motion to Dismiss on October 11, 2007. On December 5, 2007, United States Magistrate Judge James E. Bradberry ("Magistrate Judge") filed a Report and Recommendation ("R&R"), recommending that Petitioner's request for habeas petition be

denied and his claim be dismissed.[1] On January 25, 2008, the Court overruled Petitioner's objection to the Magistrate Judge's R&R and dismissed the petition. Petitioner filed an appeal with the Fourth Circuit Court of Appeals that was denied on August 7, 2008.

On October 15, 2012, Petitioner filed the instant Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, asserting that: (1) the Court erred in its January 25, 2008 order when it stated there was no independent claim of ineffective assistance of appellate counsel and (2) a fraud was committed upon the Court because the attorney for Respondent did not sign the motion to dismiss nor brief in support of the motion to dismiss. The issues have been fully briefed and the matter is now ripe for adjudication.

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure invests federal courts with the power to "vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton Steamship Co. Inc.*, 608 F.2d 96, 101-102 (4th Cir. 1979). The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances. *Id.* Rule 60(b) allows a party to obtain relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . ."

Fed. R. Civ. P. 60(b). In addition to showing that he has satisfied one of the six enumerated grounds for relief under the Rule, Petitioner must also demonstrate that his motion is filed within "a reasonable time." Fed. R. Civ. P. 60(c)(1); *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984). Motions filed pursuant to Rules 60(b)(1), (2), and (3) must be filed no more than a year after the entry of the judgment, or order, or the date of the proceeding. Fed. R. Civ. P. 60(c)(1)

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally. *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court has interpreted the allegations and facts as reasonably as possible.

### III. DISCUSSION

To obtain relief under Rule 60(b) a petitioner must demonstrate, *inter alia*, that his motion is timely and that he satisfies one of the six enumerated grounds for relief. *Werner v. Carbo*, 731 F.2d at 206-07. Interpreting Petitioner's motion as reasonably as possible, the Court finds that Petitioner seeks relief pursuant to Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect based upon the Court's January 25, 2008 Order. Petitioner's second claim alleges that Respondent's attorney committed a fraud upon the Court, which falls under Rule 60(b)(3).

Motions for relief pursuant to Rule 60(b)(1) and (3) must be made "no more than one year after the entry of the judgment, or order, or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). At issue here are Respondent's October 11, 2007 Motion to Dismiss and the Court's January 25, 2008 Order. Petitioner had notice of the facts forming the basis of both claims dating back to January 2008. The fact that appellate review was ongoing until September 29, 2008 does not toll the time period for a Rule 60(b) motion. *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d

Cir. 2002); *Fed. Land Bank v. Cupples Bros.*, 889 F.2d 764, 766-67 (8th Cir. 1989); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989); *Moolenaar v. Virgin Islands*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987); *Carr v. District of Columbia*, 543 F.2d 917, 925-26 & n. 67 (D.C. Cir. 1976); *Transit Casualty Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971), *cert. denied*, 404 U.S. 883 (1971). Any motion for reconsideration could have been made during the pendency of Petitioner's appeals. *Fed. Land Bank*, 889 F.2d at 767. Moreover, even if the clock on Petitioner's claims had not started running until after appellate review was complete, Petitioner still waited nearly four years after the completion of appellate review to bring the present claim. Petitioner's motion was filed well beyond the time allowed for the filing of both his Rule 60(b)(1) and (b)(3) claims. *See* Fed. R. Civ. P. 60(c)(1). Petitioner has failed to file a timely motion for reconsideration and thus, the Court need not reach the merits of his claims. Accordingly, Petitioner's motion for relief from final order of judgment is **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion is **DISMISSED**. The Court **ADVISES** Petitioner that he may appeal this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within thirty (30) days from this Order's date.

The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner and to the Respondent.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 5, 2012

Raymond A. Jackson
United States District Judge